May it please the court. My name is Steven Schutze, and I'm appearing on behalf of the appellant, Jessica Shaw. In California, the starting point when interpreting an insurance policy, as was recognized by the district court in the case that the court cited to the parties, Lewis versus Geico, is that the court must first look to the language of the contract in order to ascertain its plain meaning or the meaning a lay person ordinarily attached to it. Stated differently, if the meaning a lay person would ascribe to a contract language is not ambiguous, then the court must apply that meaning. The California Supreme Court has provided guidance to the courts and parties and insurance companies that insurance policies are to be interpreted in their context and as a whole to give meaning to every part of the insurance policy. Context in this case is very important because context in an insurance policy, they often incorporate or refer to or direct the reader to another part of the policy for definitions, explanations, or limitations. In this case, what we have is we have a definition that's contained in the Geico policy where it states under the definition of insured, an individual named in the declarations. There is nothing more within the Geico policy other than referring back to the declarations page for that phrase. And when you look back at the declarations page, there are two individuals named on the declarations page. There is the name insured and then there's the additional driver, Jessica Shaw. There is nothing in the Geico policy that defines what is intended by additional driver. There's no definition for additional driver. And in fact, if the Geico policy has stated a definition for additional driver, the same definition would apply. It would be an additional driver is an individual named on the declarations. So the plain meaning of the Geico policy would apply to both the additional driver and the name insured. Now Geico's argument is- I'm sorry, Mr. Schutze? Yes. I just want to make sure I understand what you're saying before you go on. Your argument is that this policy is unambiguous, right? If we read how insured is defined for the UIM coverage, it's unambiguous and it includes anyone, everyone listed on the declarations page, wherever they're listed, right? So then we don't go to contract construction rules. We apply the plain language. Correct. Okay, so what you're arguing is what happened in Lewis where the district court decided that basically what you're saying now, that the policy was unambiguous. Correct, the plain meaning of that language would apply to both names on the declarations page, yes. Okay, so do you think we need to look at all at this statutory provision that provides some definitions for the context of UIM coverage? The answer to that question is no, you don't look to the statute because DICO did not mirror the statute. They did not include the language in the statute because in the statute, the term insured is named insured. And had DICO use that term named insured, then you refer back to the declarations page and you see on the declaration page, the person identified as a named insured. It's a self-defining term in the policy. Sure, I understand what you're saying. So it appeared to me that in the district court, your client made some concessions that if the statutory definition applied, then she wouldn't have coverage. Do you stand by that? The answer to that question is the statutory definition, if the statute, the concession we made is that if they use the language in the statute, we need to find the insured as the named insured. And even without the further definition which is within the statute of named insured, but just by using the term named insured, that's an insurance legal term of art, which is already identified on the declarations page. So by using the phrase named insured, that's a self-defining term in the policy. Right, so I understand your position that we don't look at the statutory language because they didn't mirror it. And in any event, the policy language is unambiguous. But I just want to be sure that when you conceded that point in the district court, that you still agree with that. If the statutory language did apply, if this language mirrored it, then Ms. Shaw would not have coverage. Is that correct? We're not making the argument that the statute's ambiguous. I understand. Can you just answer yes or no? I mean, I know you don't want to make a concession, but you already made it in the district court. My point is, do you stand by it now? Sure, yes. That if the statute applies to language, then yes, then the named insured identified on the policy and it would not apply. But here's the difference. And Geico did not track the statute. They didn't use the term named insured. And they didn't even use the definition that's in the statute for named insured because the definition in the statute for named insured is an individual or organization named in the policy or named in the declaration. And had they used that definition, which is what they argue, that use the definition of named insured, then if the named insured is an organization, their definition doesn't make any sense because the only individual that would be named in the declaration would be the additional driver, would not be the named insured if the named insured was an organization. The second thing I think is important to note, and there's really no explanation that's been given by Geico. Why is it that they use a specific term named insured in other provisions in the policy? In fact, in the same cover section, in the same subsection on definitions, where they actually use the term named insured, and we all know who they're talking about when they use the term named insured, yet they don't use it in the definition of insured. That implies that Geico itself was making a distinction because they use the specific term named insured in one part of the policy, but they don't use it in the definition of insured. So if you're the additional driver and you're reading the policy, see that in the definitions of underinsured motorist vehicle and uninsured motorist vehicle, they actually use the term named insured. And then you go back to the definition of insured and they don't use that term. They don't use the named insured. There is no explanation given by Geico why they chose to use named insured in one part of the policy. And they say it's implied because of the statute in another part of the policy. Had they actually just used named insured in the definition section of insured, then it would have directed you back to the declarations page and you would have seen who the named insured was. But instead, they divorced the phrase insured, named the declaration, from the specific insurance term named insured. It's divorced from it. And when they divorced that phrase from the specific term named insured, which the statute did not do, when they divorce that term and you look at the additional driver that's in, would it meet that definition? And the answer is yes, the additional driver doesn't meet that definition. So, Mr. Schutze? Yes. The district court, when the district court looked at these provisions in the policy on the definition of insured, the district court essentially said, well, may not have used the exact words from the statute, but it's essentially the same thing. What was wrong with that? The problem with that is, when you separate that phrase from the term named insured, then it has multiple different meanings when it's set isolated by itself. For example, I'll give you a hypothetical. If in the definitions of uninsured motorist coverage, they said, it's a coverage of listed on the declarations. And that would be the definition of it. And you look at the declarations page and you see, oh, there's multiple coverages, bodily injury, property damage, uninsured motorist coverage. And each of those would meet those definitions. And that's what happens here. When you divorce, when you separate that phrase and you don't link it up with named insured, then what you have, you have it in isolation. And it means that the additional sure meets that definition under the plain language of the contract. I swear a lay person would read that. So when you made that concession in the district court, as I understood your position, it was that if you go to the definitional section, right now it reads the individual named in the declarations and his or her spouses. If they had said insured means the name, the named insured in the declarations and his or her spouse, then you would be out of luck. Yes. And in fact, and the answer to the question is yes, because that would track exactly what happened in the Mercury versus Pearson case. And Mercury versus Pearson actually gave DICO, it was a 2008 case, it gave DICO a blueprint as to what would be proper. In the Mercury versus Pearson case, they actually use that terminology, named insured and his or her spouse. And then in addition, in the Mercury versus Pearson case, they had an exclusion to make it clear that the additional driver was not covered for this type of accident, where it was a pedestrian who was hit in a crosswalk. So DICO had that blueprint. And then instead of using the insured phrase, named insured, which they use in other parts of the policy, they elected to go with a phrase that would apply to both people, both the named insured and the additional driver. And if you look at it in context of the policy, all that phrase does, the individual named in the declaration and his or her spouse, it directs you back to the declaration page. That's why the context is important. And when you look at the context, it directs you back to the declarations page, and there is nothing within the DICO policy that would say, oh, by that phrase, we're not referring to the additional driver. There's nothing. Is additional driver, you said that named insured is a term of art in the industry. Correct. Is additional driver a term of art in the industry? I know you said it's not defined in this policy, but does it have a meaning in the insurance context? Well, the additional driver would be somebody who's identified that would be insured to drive under the policy. I'm sorry, what does that mean? Somebody who- That would be like, if I wanted to add my children to my policy, I would call my insurance agent and they would say, you're the name insured, and I wanna add my children to my policy so there'd be additional drivers under my policy. And the effect of that would be if your children were there in an accident in the covered vehicle, you would have liability coverage, proper damage coverage, is that correct? That's true, yes. Does it always mean you also have UIM coverage if the additional drivers are injured while they're not in the covered vehicle? It would mean that the additional driver would not be covered if they use the phrase named insured. If they actually use the phrase named insured in the UIM coverage. But the language that GEICO used would apply to the additional driver. It doesn't exclude the additional driver. Let me ask you, if I can, a simple question. It doesn't require a lot of flipping through the policy. Your client is named as an additional driver on the deck sheet of the policy. And you claim coverage for an accident that happened while she was riding a bicycle. But you don't drive a bicycle, you ride a bicycle. And your client was not driving. Could a reasonable person expect coverage under this situation? Yes, and the reason a reasonable person could expect coverage under that situation is because that additional driver meets the definition as stated in the GEICO policy. So a reasonable person said, am I named on the declaration page? Yes, I'm named on the declaration page. And therefore, in reading that definition, it refers you back, and my name appears on the declaration page as both a name insured and there's another name for additional driver. And the policy itself grants them that coverage. You agree with the Lewis case, I take it. And would you suggest that we follow that case? Or is there some distinguishing factor? No, I think that the Lewis case did what the district court in this case did not do. The Lewis case looked to the plain language of the GEICO policy and applied the principles which I started this argument with. Whereas the district court in this case never looked at the plain language of the policy, never analyzed that. And that would be the distinction between the two district court cases. Thank you.  Thank you, your honors. I would like to start with a couple of points of law which I believe are undisputed and which I believe frame and very much narrow the question the court needs to decide today. The first is that it is undisputed that the legislative intent underlying insurance code section 11-580.2 controls if the policy language tracks or at least substantially tracks the statutory language. This rule about statutory language and statutory intent controlling was articulated by the California Supreme Court in the Prudential LMI case in 1990 and has subsequently been applied specifically to 11-580.2 in the Marquez case and the Pearson case. The second undisputed point, in fact, it was conceded by Mr. Schutze is that the statutory language does not extend UM coverage to persons other than the named insured, his or her spouse and resident relatives unless that other person is operating a vehicle, driving a vehicle, as Judge Zahari pointed out at the time of the accident. Putting these two undisputed points together, I believe the question, the narrow question for the court becomes this. And that is whether or not GEICO's policy language either tracks or sufficiently tracks the statutory language such that the Prudential LMI rule applies as opposed to the other rules of policy interpretation that apply when there's not a statutory mandate involved. It's our position that this question should be answered in favor of GEICO because the policy language doesn't merely substantially track the statutory language, it mirrors it. The statutory definition of who is insured itself uses a defined term, named insured. And all that GEICO has done is to expand that defined term, named insured, with the legislature's own definition of what it means, what the legislature means by named insured. So this doesn't become a case, I believe, where the question is, did GEICO's policy language sufficiently track the statutory language such that GEICO would be covered, or this case would be covered by the Prudential LMI rule? GEICO used the legislature's language. The language here is not something that GEICO winged. It's not language of GEICO's own invention. So the insurance company has gotten- So could you do me a favor then, if you take the statute and go to the policy where I was quoting the definition of insured, it reads the insured means A, the individual named in the declarations, and his or her spouse. So how does that track? How does that mirror the language of the statute? Sure, I'd be happy to explain that. In subdivision B of 11580.2, the legislature provides its definition of insured, which in relevant part here includes, if the name insured is an individual, which of course is the case that we're dealing with here, insured means the named insured and the spouse of the named insured. Immediately preceding that sentence in 11580.2 subdivision B, the legislature defined named insured as the individual named in the declarations of the policy. If you take that statutory definition of named insured, and you substitute it in place of the word of the defined term named insured, you get Geico's language. Geico's language tracks exactly the statutory definition of insured when the defined term named insured is expanded to the statutory definition. But Mr. Brooks, something that's troubling me is that this policy in section four, right under the bold heading definitions, incorporates the definitions in section one, except for the following special definitions. So in section one, subsection four definitions, insured was defined as the person's insured, which I guess would be the named insured, that's what Geico would argue. But then in section four, you disavow that definition and use a different definition, which is insured means the individual named in the declarations of his or her spouse. So I understand your point that you want us to say insured means named insured under the statute, and we should reach the same conclusion here in sort of a shorthand, insured means the same way named insured is defined under the statute, except that at the beginning, the policy disavows that definition and provides a special definition. I mean, how does that track the statute? What the policy does is provides a definition of it, certain definitions that apply specifically to different coverages under the policy. So when you get to the coverage, which is mandated by 1158.2, which is section four of the policy and the UM coverage, the policy appropriately adopts the definitions of terms that are the definitions provided by the legislature in the coverage that it is mandating. But it doesn't say that the insured is the named insured. It said it earlier, but here then instead gives us a different definition. And I agree with you, that's probably what Geico intended to do, but they wrote the contract. I mean, so the problem I'm having is that you didn't do that. You didn't say what's in the statute and instead disavowed that insured means named insured in this section of the contract. Why am I wrong? Why am I misunderstanding this? There are a couple of points I think may be helpful to your honor in response to that. First underlying Mr. Schutze's argument, there's a certain assumption that the term named insured is always more clear to an average reader than the term, the individual named in the declarations. Is Mr. Schutze- The difference is there's a heading in the declaration stage in bold that says named insured. So a lay person, an average reader would see that and know that that's what was referred to in the policy section that said in quotation marks, named insured. Your honor, forgive me if I challenged that assumption a little bit. You and I may be familiar with this term of art and quite facile with it, but the average reader may not be. And the average reader reading named insured may wonder, named where? Where do I go and look for it? If there is, as is often the case in the context of underinsured motorist coverage and current litigation, does it mean the insured who's named as a plaintiff in the underlying litigation? Does it mean the insured who is named in the notice of claims, tendered originally to the insurance company? What the, in choosing to use, well, first of all, GEICO didn't wing its own language. It used the legislature's own definition of named insured. Those terms need to be considered to be equivalent because the legislature defined them as equivalent. In many cases, to an average reader, telling them that the insured is the individual name in the declarations is probably the clearest, most direct way to tell a lay reader what is meant rather than using the term of art, named insured. Granted, the lay reader may piece it together and go back and look at the declarations page and see the word named insured there, which is not a definition, but it's a caption. And they may put those things together and reach that conclusion, but they may not. So I think that's- I think you might want to argue that an average reader, when it sees different language, as explained by my colleague in section one and section four, would think they mean different things, not the same thing. If we were interpreting this policy under a interpretive regime, which focused on policy language rather than legislative intent, that distinction may carry more weight. But because we are constrained by Prudential, LMI, and Marquez and Pearson to look to the legislature's intent, I think that distinction does not make a difference. The policy has used the term named insured and it's used the statutory definition of the term named insured. They are totally under statutory intent. The parties can choose to enter contracts that don't mirror the statutory language. They can have their bargain. They can choose to enter the contract they choose. And if they don't mirror the statutory language, then we're not- they're not bound by the legislative intent. Is that correct? That's true. And it brings up a very good point that I think deserves to be stressed here. And that is this. I think it would be inappropriate to write a decision that puts upon the insurance company the onus of clarifying statutory language, of writing a better or more clearer turn of phrase than the legislature provided to the insurance company. And I believe this for a couple of reasons. So what if we just write an opinion that says the insurance company has to track or substantially track the language if they want the policy to be interpreted under legislative intent? I believe that if you write that opinion, you need to decide the case in our favor, Your Honor, because GEICO did not merely substantially track the statutory language. It used verbatim the statutory language, merely expanding the defined term named insurer with the legislature's own definition of that term. A definition that in many circumstances may be clearer to the lay reader. There may be situations like this case where the legislature's choice of definition creates interpretive challenges that wouldn't exist in other situations. When those challenges arise, the answer is to go and look at the legislative intent, not to invoke rules of contra profferendum. This is not language proffered by GEICO. GEICO chose to use the language the legislature gave it. And to loop back to the point that I was beginning to make, Your Honor, if a court puts the onus on an insurance company of clarifying, of trying to, for example, do in Pearson, adding language intended to clarify and expand upon what the legislature meant, well, the insurance company may end up winning that case as it did in Pearson. But anytime it does that, if it steps one foot outside the bounds of the statutory language, it runs the risk that it will face the same argument that we saw in Pearson, that we saw in McGrehan, and that we saw in other cases, where the insurance says, you didn't exactly track the statute. You could have done it better than that to make the situation more clear. In trying to do this good deed, you created an ambiguity that you did not foresee. It becomes a bit of a no good deed goes unpunished type of rule if you were to adopt that. The insurance company- But your argument assumes that we're going to find that you didn't step a foot away from the definition in the statute that is the same. And as we've been pointing out to you, it doesn't appear to be the same. It says insured means the individual named in the declarations as a special definition that disallows the definition of insured means the name's insured. So you've already stepped a foot beyond the statute. I mean, you're not saying that language is identical because the statute says insured means named insured and then defines named insured, but this policy doesn't say that. I either am not following you or disagree. The statute says, defines what named insured means. GEICO uses that definition of named insured in the statutory definition of who is an insured, merely replacing the statutory defined term named insured with the statutory definition. Let's assume that you disagree with me on that point. Well, I would be inclined to agree with you, but for the preface to section four that says, these are special definitions. And it says we adopt the definitions in section one, except for the following special definitions and then redefines what insured means differently from how it was defined in section one. But Your Honor, the statute, the policy contains different sources of coverage. In section four, the coverage is mandated by statute. So GEICO appropriately uses the statutory definitions there, which may be different from the definition of insured, which applies for other coverages, which are not statutorily mandated. In the time that I have remaining, there's a couple other points that I would like to turn to. First is this. If the court rejects my position that the statutory intent governs, then we get into the issue of insurance policy interpretation rules. On that point, there are a couple of issues. One is that the, you know, you need to look to the reasonable expectations of the insured. Judge Zaharie pointed out one reason why it would not be reasonable for somebody specified the initial driver to think they would have coverage if they're not driving. But the second is this. If Ms. Shah qualified under definition, subpart A of the definition of insured, then under subpart B, anybody who lived with her and who was a relative would also become an insured. I think it's important to be aware of that consequence because I don't think that a reasonable insured, Mr. Vafai, in asking Geico to specify his fiancee or his friend as a additional driver, was expecting that for no additional premium, that no additional premium was charged by Geico, that he was not merely ensuring that his fiancee would be covered if she drove his cars, but that anybody she lived with who was her relatives would also be covered. That's not a reasonable expectation. And I would submit that in looking at reasonable expectations you need to look at the totality of what are the consequences of adopting the interpretation being urged by Mr. Schutze. I can add one last point on the additional driver issue. Although I can see this beyond the record, but I think Mr. Schutze's explanation of why additional driver language occurs is different from my understanding. And I can speak to that if you would give me 30 seconds. Go ahead. The reason that additional drivers are specified is that laypersons commonly do not understand that permissive users of their automobile are mandatorily covered for their accidents when driving the insured vehicle. And they worry, hey, if I let my friend, my fiancee drive my car, they might not be covered. And to assure the lay person that they're not covered, that you don't need to worry about that. They are covered if you're driving your car. GEICO for no additional premium will specify such permissive users by name when the insured asks for comfort on that point. Thank you for the additional time on that. Okay, thank you. Mr. Schutze, I believe I'll give you two minutes. Okay, thank you. I'll make some quick points. First of all, Mr. Brooks, at one point in his argument, said that GEICO, quote, merely expanded the definition, end quote. And that actually means that they did not track the statute, they expanded it. And that would be consistent with Jessica Shaw's argument that they expanded it to include all the persons named on the declarations page. The second thing, and we did not get an explanation from GEICO on this point. He made the point that name doesn't make any sense to a lay person, so that's why they don't use it. Except for the fact that they do use it. And we know even in the same coverage section, under definitions for underinsured motorist vehicle and uninsured motorist vehicle, they use the phrase, any motor vehicle owned or operated by the named insured. So they do make that distinction and they do rely upon the insured to recognize or anybody to recognize what the name insured is. And it's right on the declarations page, which is the first page of the policy. The last point I'd like to point out is Mr. Brooks argued what would be a reasonable interpretation you have in this case, two different district courts reaching different conclusions, reading the same policy language in remarkably the same underlying factual scenario. One involved a bicyclist, one involved a pedestrian and a reasonable expectation that implies that there's two reasonable interpretations. And the law in California is, if there is a reasonable interpretation, more than one, then you would interpret it in favor of the party that did not draft a contract or against the insurance company, which in this case is GEICO. GEICO could have eliminated all this by just using the simple phrase named insured. And with that- Okay. Okay. Thank you, Mr. Schutze. Thank you, counsel. We appreciate your arguments this morning and the matter is submitted. Thank you, Raj. Okay.
judges: Paez, Zouhary, Bade